IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| SAUL ALEJANDRO RAMIREZ GIRON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-01275 (RDA/WBP) |
| | ) | |
| JOSEPH SIMON, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## **ORDER**

On February 9, 2026, Petitioner Saul Alejandro Ramirez Giron ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *See Ramirez Giron v. Simon*, No. 1:26-cv-388 (E.D. Va.) ("*First Habeas*"). The Court granted-in-part and denied-in-part the *First Habeas* Petition. *See First Habeas*, Dkt. 15, Order dated April 15, 2026. In particular, the Court denied Petitioner's claims with respect to *Zadvydas v. Davis*, 533 U.S. 678 (2001), the revocation of his Order of Supervision, and under the Administrative Procedures Act (the "APA"). *Id.*

In this second action, Petitioner again raises claims under *Zadvydas* and related to his detention. Dkt. 1. On May 13, 2026, this Court issued an Order directing Petitioner to file a brief addressing how the claims in the pending Petition are distinct from the *First Habeas*, then directing Respondents to respond, and for Petitioner to reply. Dkt. 4. Petitioner filed his Supporting Brief (Dkt. 5) and Respondents filed their Opposition (Dkt. 7), but Petitioner chose not to file a reply and the time to do so has now passed.

In the Supporting Brief, Petitioner argues that in the *First Habeas* he had been detained for only six days and that he has now been detained for approximately sixty-five (65) days. Dkt. 5.

He further asserts that *Zadvydas* does not require "a mechanical calculation of the number of days that a noncitizen has been detained, but whether continued detention 'exceeds a period reasonably necessary to secure removal.'" *Id.* (citing *Zadvydas*, 533 U.S. at 699). Petitioner reports that Respondents have not scheduled a hearing before an Immigration Judge regarding Petitioner's negative third country screening despite this Court's Order in the *First Habeas* and that Respondents instead issued Petitioner a notice of file custody review. *Id.* at 3.

These arguments do not rebut the *Zadvydas* six-month presumption. In *Zadvydas*, the Supreme Court determined that indefinite detention under 8 U.S.C. § 1231 would raise "serious constitutional concerns" and construed the statute to contain "an implicit 'reasonable time' limitation, which is subject to federal-court review." *Zadvydas*, 533 U.S. at 682. The Supreme Court also found that there was a "presumption" that detention for six months was reasonable and that, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Here, Petitioner has been detained since February 3, 2026, which continues to fall well-short of the six-month presumption (as the Court recognized in the *First Habeas*). Moreover, as Petitioner himself recognizes, Respondents are taking steps to remove him. Dkt. 5 at 3 (reporting that "ICE is in receipt of or expects to receive the necessary travel documents to effectuate your removal"). That this Court has recognized that Petitioner is entitled to additional process before removal to a third country can be effectuated also does not mean that such removal is not reasonably foreseeable. Petitioner does not address the Fourth Circuit's decision in *Castaneda v. Perry*, 95 F.4th 750 (4th Cir. 2024), upon which this Court relied in the *First Habeas* and upon which Respondents rely now. In *Castaneda*, the Fourth Circuit recognized that the "absence of a date certain" for "the conclusion

2

of those proceedings is of no moment" and cited with approval decisions from other Circuits finding no due process violation where the period of detention was "directly associated with a judicial review process that has a *definite and evidently impending termination point.*" *Castaneda*, 95 F.4th at 759 (quoting *Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004)) (emphasis in original).[1]

Accordingly, it is hereby ORDERED that the Petition (Dkt. 1) is DENIED and DISMISSED; and it is

FURTHER ORDERED that the Clerk of the Court is DIRECTED to place this matter among the ended causes.

The Clerk is directed to send copies of this Order to all counsel of record and to Petitioner at his last known address.

It is SO ORDERED.

Alexandria, Virginia
June _2_, 2026

/s/

Rossie D. Alston, Jr.
United States District Judge

---

[1] Petitioner's *Zadvydas* argument would stand on stronger footing if, after the expiration of the six-month presumptively reasonable period, Respondents have still taken no steps to provide Petitioner with the process to which this Court has held he is entitled – the hearing on his negative fear screening before an Immigration Judge. If, at that point, Petitioner has not had a hearing scheduled before an Immigration Judge regarding potential third country removal, then he is welcome to renew his *Zadvydas* claim either here or in the *First Habeas* case. However, Petitioner's filing of this new Petition, which raises essentially the same argument that the Court held was premature in the *First Habeas* case, raises concerns that Petitioner is judge shopping.